S. LANE TUCKER
United States Attorney

SETH M. BEAUSANG
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: seth.beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) **VERIFIED COMPLAINT FOR** |
| APPROXIMATELY $49,906.00 IN | ) **FORFEITURE** *IN REM* |
| U.S. CURRENCY, | ) |
| | ) |
| Defendant. | ) |

Plaintiff, United States of America, by and through counsel, alleges the following:

## I. NATURE OF THE ACTION

1.     This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6) for the forfeiture of the Defendant *In rem*.

2.     The Defendant in rem is comprised of approximately $49,906.00 in U.S. currency, specifically:

a. approximately $46,690.00 in U.S. currency, seized from a safe in in a room at the residence located at 420 E. 15th Ave. #2, Anchorage, Alaska in a room occupied by Tyler DESANTIS; and

b. approximately $3,196.00 in U.S. currency, seized from a purse in the above residence belonging to Hailey WITTNER-Dowell.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1395 because the Defendant in rem was seized within the District of Alaska.

## III. RELEVANT FACTS

5. On January 9, 2023, the U.S. Marshals Fugitive Task Force along with the assistance of State of Alaska Pretrial Enforcement Division (PED) conducted a warrant service at 420 E. 15th Ave. The officers were looking for suspect Kevin SATHRE who was the subject of a federal arrest warrant for violating terms of his federal supervised release.

6. SATHRE was also subject to conditions of pretrial release from charges by the State of Alaska in Case No. 3AN-20-00643CR, including being subject to GPS location monitoring. SATHRE's conditions allowed PED officers to enter his residence to verify and maintain the GPS location monitoring equipment. SATHRE reported to his state probation officer a residence of 420 E. 15th Ave #6.

7. On arrival officers established a perimeter around 420 E. 15th Ave. PED Ofc.

*U.S. v. APPROXIMATELY $49,906.00 IN U.S. CURRENCY*
*VERIFIED COMPLAINT FOR FORFEITURE IN REM*

Nussbaumer advised that SATHRE's GPS was consistently on the west side of the building. Initial contact was made by officers at apartment #6. Residents identified SATHRE by photograph and advised that SATHRE actually lived in apartment #2, at the same address, with several other individuals.

8.      Ofc. Nussbaumer contacted SATHRE via cell phone who advised he was coming out of apartment #2. SATHRE was taken into custody outside of apartment #2 on the federal arrest warrant.

9.      PED Officer and USMS Deputies contacted SATHRE's girlfriend, Hailey WITTNER-Dowell at apartment #2. When Ofc. Nussbaumer told WITTNER he needed to recover the GPS location monitoring equipment, WITTNER became very agitated and began to block the apartment door. A dog aggressively began barking behind WITTNER and she started calling a subject BRANDON to open his room door. Officers took WITTNER into custody for safety concerns.

10.     Suspect Brandon KNIGHT came to the front door with the dog holding the dog on a leash. KNIGHT obeyed commands and came out of the apartment with the dog. Deputies gave commands inside the apartment for other individuals to come out. Suspect Tyler DESANTIS and suspect Kaytreana GREEN came out of the furthest bedroom from the north door. Deputies confirmed no one else was inside apartment #2, and PED Ofc. Nussbaumer began searching for the GPS location monitoring equipment which he found in SATHRE's room.

11.     While retrieving the GPS equipment Ofc. Nussbaumer advised other officers that he observed several illicit drugs and drug paraphernalia in plain view sitting on a

*U.S. v. APPROXIMATELY $49,906.00 IN U.S. CURRENCY*
*VERIFIED COMPLAINT FOR FORFEITURE IN REM*

nightstand in SATHRE's and WITTNER'S bedroom. He also saw handguns in plain view in an open drawer of the same nightstand.

12.     APD/TFO K. Wallace, who was assisting Ofc. Nussbaumer, observed in SATHRE's and WITTNER's bedroom a bag with methamphetamine in plain view next to a scale with drug residue. Ofc. WALLACE also observed a container with an unknown drug sitting on the top of the TV. TFO Wallace also observed several pistols in the same night stand drawer.

13.     TFO Wallace also observed that the first door directly to the left inside the residence had been breached by other officers and was open, and from the hallway he saw in plain view a coffee table inside the room with drug paraphernalia including glass pipes, bags, and torches. This room was later identified as Tyler DESANTIS' bedroom.

14.     TFO Wallace applied for State search warrant no. 3AN-23-135 SW for 420 E. 15th Ave #2, which was granted.

15.     During the search, officers found a hideaway by the entryway/kitchen, and a rifle was found in it.

16.     Officers found and seized the following items in DESANTIS' bedroom: pre-pay PayPal cards, white Apple Airtag, USPS receipts with shipments of 2 packages from Anchorage, Alaska to Panama City, California. Apple iPhone, 2 jars with unknown white powder, a white bag with suspected methamphetamine, and several small bags with white powder, Sig Sauer .380 auto pistol ammo, digital scale, approximately 100 small empty bags, a Kimber 1911 pistol, and a Jiminez Arms JA 22 pistol, a Taurus Millennium 9 mm pistol, a Colt Mustang .380 pistol, a Jennings J22 pistol, $46,690.00 U.S. currency, a metal

container which had a baseball size of a white powder substance (approximately 2.5 ounces), and a blue SAMSUNG cell phone. Per the Alaska Public Safety Information Network (APSIN), the Kimber 1911 pistol came back as stolen. The Colt Mustang pistol, Jennings pistol, cash, and metal container were all found in a safe inside DESANTIS' room. The substance in the metal container was tested by the State of Alaska, Scientific Crime Detection Laboratory, and was determined to contain fentanyl.

17.     2.5 ounces of fentanyl is an amount usually possessed for distribution as opposed to personal use.

18.     Officers found and seized the following items form SATHRE's and WITTNER's bedroom: scale with drug residue, 2 bags with methamphetamine and fentanyl (confirmed by testing at the State of Alaska, Scientific Crime Detection Laboratory), various containers containing an unknown white substance, a Kimber 9 mm pistol, a Beretta .32 auto pistol, a black Motorola cell phone, several empty bags for drug packaging, 2 scales with drug residue, a .22 cal bullet, a muzzle load shell, a 9 mm bullet, $3,196.00 U.S. currency, and a notebook with ledgers containing dollar amounts and names. The cash and ledger were found in a purse belonging to WITTNER. In an interview with officers, WITTNER stated that SATHRE was selling drugs and that any communications by her about drug trafficking were at SATHRE's direction.

19.     All the seized items were transported and logged in APD Evidence.

20.     The Alaska District Attorney's Office advised officers working with the federal seizing agency that the currency seized at 420 E. 15th Ave #2 could be seized by the United States for civil forfeiture without a turnover order.

21.     On October 25, 2024, DESANTIS was convicted in Case No. 3:23-cr-00055-SLG-KFR to one count of Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) involving a different incident than what is described herein.

22.     On May 19, 2022, Kevin Allen SATHRE was convicted in Case No. 3:20-cr-00043-SLG-MMS of Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) involving a different incident than what is described herein.

23.     On or about May 8, 2024, the Defendant in rem was seized by the United States pursuant to a federal seizure warrant in Case No. 3:24-mj-00188-KFR. After the seizure it was determined that the Defendant in rem included an additional $120, resulting in the seizure of approximately $49,906.00 in U.S. currency.

24.     Defendant in rem is presently in the possession, custody, or control of the United States and is not presently subject to any judicial restraining order.

25.     Defendant in rem is currency that was likely furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, money used or intended to be used to facilitate the sale and exchange of a controlled substance, and/or property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the federal drug laws.

26      Defendant in rem is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

27.     On or about October 28, 2024, the DEA received a claim for the Defendant in rem from DESANTIS.

*U.S. v. APPROXIMATELY $49,906.00 IN U.S. CURRENCY*
*VERIFIED COMPLAINT FOR FORFEITURE IN REM*

# IV. CLAIM FOR RELIEF

WHEREFORE, Plaintiff United States of America prays that:

A.      A Warrant In Rem issue for the arrest of Defendant in rem;

B.      That due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

C.      That judgment be entered declaring Defendant in rem be forfeited to the United States of America for disposition according to law, and

D.      For such relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED this 23rd day of January 2025, in Anchorage, Alaska.

                                    S. LANE TUCKER
                                    United States Attorney

                                    s/ Seth M. Beausang
                                    SETH M. BEAUSANG
                                    Assistant U.S. Attorney
                                    United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2025
a true and correct copy of the foregoing
was served via certified mail on the
following:

Tyler A. DeSantis
Goose Creek Correctional Center
22301 West Alsop Road
Wasilla, Alaska 99623-5023

Kaytreana Fannie Lucille Green
2440 Sentry Drive, Apt 103
Anchorage, AK 99507

Kaytreana Fannie Lucille Green
P.O. Box 204
Togiak, AK 99678

Brandon Dylan Knight
3513 Sagan Circle
Anchorage, AK 99517

Kevin Allen Sathre
Goose Creek Correctional Center
22301 West Alsop Road
Wasilla, Alaska 99623-5023

Hailey May Elexis Wittner-Dowell
1480 East Firth Road
Wasilla, AK 99654


s/ Seth Beausang
Assistant United States Attorney

*U.S. v. APPROXIMATELY $49,906.00 IN U.S. CURRENCY*
*VERIFIED COMPLAINT FOR FORFEITURE IN REM*

8

## <u>VERIFICATION</u>

I, Ramon Dojaque-Fernandez, hereby verify and declare under the penalty of perjury that I am employed as a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge and belief. The sources of my knowledge and information and the grounds for my belief include official files and records of the United States, publicly available files and historical information, files and records compiled by local and state law enforcement agencies, information supplied to me by other law enforcement officers and other witnesses, as well as my investigation in this case, together with others, as well as my training and experience.

*Ramon Dojaque-Fernandez*
_____
Ramon Dojaque-Fernandez
Task Force Officer
Drug Enforcement Administration

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746